## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS/ST. JOHN

| | |
|---|---|
| ANDRE HARRIGAN and COLLEEN HARRIGAN, his wife,     ) <br> ) | |
| Plaintiffs,   ) | Civil No. 08-CV-124 |
| ) | |
| v.   ) | |
| ) | |
| TROPICAL SHIPPING AND CONSTRUCTION COMPANY LIMITED, THIEN & HEYENGA GMBH and CIS SHIPPING INTERNATIONAL, INC.   ) <br> ) <br> ) <br> ) | |
| Defendants.   ) <br> ) | JURY TRIAL DEMANDED |

## DEFENDANT'S OPPOSITION TO MOTION IN LIMINE RE: DR. BABU SUBRMANIAM

Defendants, TROPICAL SHIPPING AND CONSTRUCTION CO., LTD., THIEN & HEYENGA GMBH and CIS SHIPPING INTERNATIONAL, INC., by and through undersigned counsel, hereby respectfully oppose Plaintiffs' Motion to exclude the report and testimony of Dr. Babu Subramaniam.

Plaintiffs claim that Dr. Subramaniam committed fraud in that he notes in his report certain comments made by himself and Mr. Harrigan in the course of the interview in connection with Dr. Subramaniam's evaluation of Mr. Harrigan.  First, Plaintiffs' claim of fraud is obviously quite reckless in that the simple assertion of a fact alone which may be disputed by another party simply does not amount to fraud. *Black's Law Dictionary 685 (8th ed. 2004)*.  Plaintiffs have not supplied the Court with credible evidence to support the elements of fraud.  Second, and more troubling, is that Plaintiffs attempt to rely upon a witness who is elderly, apparently has no medical training and which was demanded by Plaintiffs purportedly because

*Harrigan v Tropical Shipping USA LLC and CIS Shipping International, Inc.* Case No. 08-CV-124
**Defendant's Opposition To Motion In Limine Re: Dr. Babu Subrmaniam**
Case No. 08-CV-124
Page 2

Mr. Harrigan required an escort.  Plaintiffs' ulterior motive has now become quite

apparent.  Regardless of this subterfuge orchestrated by Plaintiffs, whatever Ms.

Vasconcellos claims simply goes to the weight to be given the expert's testimony.

The mere statement by Ms. Vasconcellos does not make it a fact.  There is no

challenge to Dr. Subrmaniam's qualifications, methodology, etc. and therefore in

deference to the Federal Rules of Evidence and corresponding decisional authority,

Plaintiff's request to exclude Dr. Subrmaniam is properly denied.

Respectfully submitted,
HUNTER COLE & BENNETT

Dated: March 31, 2010          By:   s/ Bruce P. Bennett
Bruce P. Bennett, Esq.
V.I. Bar No. 512
1138 King Street, 3rd Floor
Christiansted, St. Croix
U.S. Virgin Islands  00820
bbennett@hcbvilaw.com
Tel.: (340) 773-3535

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of March, 2010, I electronically
served the foregoing as following:

Terri Griffiths, Esq.
70C Lindbergh  Bay, No. 134
St. Thomas, VI  00802
terri@griffiths-law.com
griffiths_terri@yahoo.com

s/ Bruce P. Bennett
Bruce P. Bennett, Esq.
HUNTER COLE & BENNETT
bbennett@hcbvilaw.com